**Order entered January 17, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00029-CR**

## EX PARTE RAGHAVENDRA CHANAGOND

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-85405-2021**

## ORDER

The Court has received appellant's notice of appeal challenging the trial court's ruling denying relief on his pretrial application for writ of habeas corpus. This is an accelerated appeal governed by Texas Rule of Appellate Procedure 31.

We note that the district clerk filed with appellant's notice of appeal an appeal schedule and a copy of the trial court's docket sheet, both suggesting that no written order denying relief on appellant's writ application has been signed. Absent a written order denying relief, this Court does not have jurisdiction to review this appeal. *See* TEX. R. APP. P. 26.2(a)(1); *State v. Sanavongxay*, 407 S.W.3d 252, 259

(Tex. Crim. App. 2012); *Ex parte Evans*, 611 S.W.3d 86, 88 (Tex. App.—Waco 2020, no pet.).

If no written order is filed with the clerk's record, we will consider dismissing the appeal for want of jurisdiction unless appellant files, within **FOURTEEN DAYS** of the date the clerk's record is filed, a jurisdictional letter brief explaining the basis for the Court's jurisdiction over the appeal. If appellant files a jurisdictional letter brief, the State shall have **FOURTEEN DAYS** to file a response. Thereafter, the Court will determine whether it has jurisdiction to proceed and notify the parties accordingly.

We **ORDER** the trial court to prepare a certification of appellant's right to appeal and to file it with the clerk's record.

We **ORDER** the Collin County District Clerk to file the clerk's record by **February 2, 2023**. We **ORDER** that the clerk's record contain copies of the application for writ of habeas corpus, any response to the writ application filed by the State, any other documents related to the writ application, the trial court's written order ruling on the writ application (if any), any findings of fact on the writ application that the trial court has entered, the trial court's certification of the right to appeal, and any other documents filed with the clerk that the parties request.

We **ORDER** Official Court Reporter Jacqueline Kimbrough to file, or coordinate the filing of, the reporter's record of the hearing on the writ application.

The reporter's record shall be due by **February 2, 2023**. If the trial court denied relief without conducting a hearing, or if the reporter's record is unavailable for filing for other reasons, such as a failure to request or pay for the reporter's record, we **ORDER** Ms. Kimbrough to file a letter with the Court by **February 2, 2023**, stating why no reporter's record has been filed.

We **ORDER** appellant to file his brief by **February 24, 2023**. We **ORDER** the State to file its brief by **March 17, 2023**. After the record and briefs have been filed, the Court will notify the parties of the submission date and panel.

We **DIRECT** the Clerk to send copies of this order to the Honorable Angela Tucker, Presiding Judge, 199th Judicial District Court; Jacqueline Kimbrough, official court reporter, 199th Judicial District Court; Michael Gould, Collin County District Clerk; and counsel for the parties.

/s/  BILL PEDERSEN, III
JUSTICE